UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

ARMIDIA Y. GUTIERREZ,

    Plaintiff,

v.

CORAL VILLA ADULT CARE INC
and SOLANGE CASTRO, individually

    Defendants.
_____/

**COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

    COMES NOW Plaintiff, ARMIDIA Y. GUTIERREZ and other similarly-situated individuals, by and through the undersigned counsel, and sues Defendants CORAL VILLA ADULT CARE INC, and SOLANGE CASTRO, individually and alleges:

**1.** This is an action to recover money damages for unpaid wages, failure to pay overtime and minimum wage violations under the laws of the United States.  This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

**2.** Plaintiff ARMIDIA Y. GUTIERREZ is a resident of Dade County, Florida, within the jurisdiction of this Honorable Court, and is otherwise sui juris.

**3.** Defendant CORAL VILLA ADULT CARE INC, (hereinafter CORAL VILLA ADULT CARE) is a Florida Profit Corporation having place of business in Dade County, Florida, where Plaintiff worked for Defendant.

**4.** The individual Defendant SOLANGE CASTRO is a Florida resident. Defendant was and is now the owner/director and operator of was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. This individual Defendant was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]

GENERAL ALLEGATIONS

**5.** Defendant CORAL VILLA ADULT CARE is a Florida Assisted Living Facility licensed to provide room, board and personal assistance to elder and psychiatric patients/residents.

**6.** At all times relevant hereto, Defendants operated an residential care facility "primarily engaged in the care of the sick, the aged, or the mentally ill" within the meaning of Section 3(s)(1)(B) of the FLSA, and therefore CORAL VILLA ADULT CARE is an enterprise subject to FLSA coverage.

**7.** At all times relevant hereto, Defendants were the employers of Plaintiff within the meaning of 29 U.S.C. § 203(d). Plaintiff is a covered employee for purposes of the Act.

**8.** Defendants employed Plaintiff ARMIDIA Y. GUTIERREZ as care-giver, cook and to perform all kind of housekeeping work from approximately March 01, 2014 to June 12, 2015, or 67 weeks.

**9.** During her employment with Defendants, Plaintiff worked in excess of 40 hours weekly without being paid minimum wages for regular hours, and overtime hours at the rate of time and a half her regular rate.

**10.** Plaintiff was required to sleep in the facility, as condition for employment and for the convenience of the employer. Plaintiff's duties consisted of assisting severely impaired patients with activities such as bathing, dressing, eating, getting in and out of bed, using the bathroom. Plaintiff duties also included maid and housekeeping work.

**11.** Plaintiff worked on Mondays from 7.30 AM to 7:00 PM (11.5 hours); from Tuesday to Friday, Plaintiff worked from 5:30 AM to 7:00 PM (13.5 hours each day; on Saturdays Plaintiff worked from 5:30 AM 5:30 PM (12 hours). Additionally Plaintiff worked regularly at least 3 days in every week period from 8:00 PM to 3:00 AM (7 hours each day) assisting severely mentally affected residents. These hours totaled 95.5 every week (Plaintiff have already deducted 3 hours of lunch time, or 0.5 x 6 days= 3 hours).

**12.** Plaintiff was paid $80.00 per day or $480.00 weekly, which resulted in an hourly wage rate of $5.03 an hour, less than the minimum wage established by Federal Law.

**13.** Plaintiff did not punch in and out and she was paid strictly in cash. Defendants did not provide any paystub detailing wage rate paid, hours worked etc. etc.

**14.** On or about May 15, 2015, Plaintiff complained about her minimum wages and requested also to be paid for overtime hours. Defendant SOLANGE CASTRO refused to pay Plaintiff and ignored Plaintiff's requests.

**15.** On or about June 10, 2015 Plaintiff requested her overtime and minimum wages for the last time to the owner of the business SOLANGE CASTRO.

**16.** As a result, on or about June 12, 2015, Defendant SOLANGE CASTRO fired Plaintiff using pre-textual reasons.

**17.** Plaintiff ARMIDIA Y. GUTIERREZ seeks to recover unpaid minimum and overtime hours, retaliatory damages, and any other relief as allowable by law.

**18.** The additional persons who may become Plaintiffs in this action are/were non-exempt hourly employees who worked in excess of forty (40) hours during one or more work weeks during the relevant time period, but who did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty (40) hours.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION of 29 U.S.C. § 207 (a)(1); FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS**

**19.** Plaintiff ARMIDIA Y. GUTIERREZ re-adopts each and every factual allegation as stated in paragraphs 1-18 above as if set out in full herein.

**20.** This action is brought by Plaintiff ARMIDIA Y. GUTIERREZ, and those similarly-situated, to recover from her employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which she is employed."

**21.** The Employer/Defendant CORAL VILLA ADULT CARE was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A).The Employer CORAL VILLA ADULT CARE, at all times pertinent to this Complaint, operated a residential care facility "primarily engaged in the care of the sick, the aged, or the mentally ill" within the meaning of Section 3(s)(1)(B) of the FLSA. Upon information and belief Employer/Defendant are Assisted Living Facilities that receive federal funding.

**22.** Defendant CORAL VILLA ADULT CARE'S business activities involves those to which the Fair Labor Standards Act applies. By reason of the foregoing, Employer/Defendant is subjected to FLSA enterprise coverage.

**23.** Plaintiff was employed by an enterprise "primarily engaged in the care of the sick, the aged, or the mentally ill" within the meaning of Section 3(s)(1)(B) of the FLSA. Plaintiff performed activities related to the care of sick and aged people. Thus, Plaintiff is a covered employee for the purpose of the Act. By reason of the foregoing, there is FLSA individual coverage.

**24.** Defendant employed Plaintiff ARMIDIA Y. GUTIERREZ as care-giver, cook and to perform all kind of housekeeping from approximately March 01, 2014 to June 12, 2015, or 67 weeks.

**25.** During her employment with Defendant, Plaintiff worked in excess of 40 hours weekly without being overtime hours at the rate of time and a half her regular rate.

**26.** While employed by Defendant, Plaintiff ARMIDIA Y. GUTIERREZ worked a minimum of 95.5 (Ninety Five and a half hours) per week without being compensated at the rate of not less than one and one half times the regular rate at which she was employed. Plaintiff was paid an average of $5.02 per hour, but has never been compensated for overtime wages at the rate of time and a half her regular rate, for the hours that she worked in excess of 40 hours per week.

**27.** The records, if any, concerning the number of hours actually worked by Plaintiff and all other employees, and the compensation actually paid to such employees should be in the possession and custody of Defendant. However, upon information and belief,

Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

28.   Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

29.   Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid overtime wages are as follows:

a.   <u>Total amount of alleged unpaid O/T wages</u>:

Twenty One Thousand Seven Hundred Ninety Dollars and 41/100 ($21,790.41)

b.   <u>Calculation of such wages</u>:
Total relevant weeks:  67 weeks
Total hours worked:  95.5
Overtime hours: 55.5
Regula rate: $80 daily or $480.00 weekly
$480.00 paid weekly: 95.5 hours=$5.02 an hour
O/T rate: $7.25x1.5=$10.88  -  $10.88-$5.02 paid= $5.86
O/T rate: $5.86 an hour

$5.86 x 55.5 O/T hours=$325.23 weekly x 67 weeks=$21,790.41

c.   <u>Nature of wages (e.g. overtime or straight time)</u>:

   This amount represents unpaid overtime wages.

30.   At all times material hereto, the Employer/Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay her at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.  The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendant who are and who were subject to the unlawful payroll practices and procedures of Defendant and were not paid

time and one half of their regular rate of pay for all overtime hours and straight time hours worked in excess of forty.

31. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.  Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

32. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

33. At the times mentioned, individual Defendant SOLANGE CASTRO was, and is now, the Director and/or owner of Defendant Corporation CORAL VILLA ADULT CARE. Individual Defendant SOLANGE CASTRO had absolute operational control of CORAL VILLA ADULT CARE, provided Plaintiff with her work schedule, and is jointly liable for Plaintiff's damages.  Individual Defendant SOLANGE CASTRO was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interest of CORAL VILLA ADULT CARE in relation to its employees, including Plaintiff and others similarly situated.

34. Defendants CORAL VILLA ADULT CARE and SOLANGE CASTRO willfully and intentionally refused to pay Plaintiff ARMIDIA Y. GUTIERREZ overtime wages as

required by the law of the United States and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

**35.** Plaintiff seeks to recover for unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

**36.** Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff ARMIDIA Y. GUTIERREZ and those similarly-situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff ARMIDIA Y. GUTIERREZ and other similarly-situated and against the Defendants CORAL VILLA ADULT CARE and SOLANGE CASTRO, on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff ARMIDIA Y. GUTIERREZ an equal amount in double damages/liquidated damages; and

D. Award Plaintiff ARMIDIA Y. GUTIERREZ reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

JURY DEMAND

Plaintiff ARMIDIA Y. GUTIERREZ and those similarly-situated demand trial by jury of all issues triable as of right by jury.

### COUNT II:
### FEDERAL STATUTORY VIOLATIONS OF THE FLSA'S MINIMUM WAGE PROVISIONS, 29 U.S.C. §206; AGAINST ALL DEFENDANTS

37. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-18 of this complaint as if set out in full herein.

38. This action is brought by Plaintiff ARMIDIA Y. GUTIERREZ and those similarly-situated to recover from the Employer CORAL VILLA ADULT CARE unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.

39. The Employer CORAL VILLA ADULT CARE, at all times pertinent to this Complaint, was engaged in interstate commerce. Defendant operates as residential care facilities "primarily engaged in the care of the sick, the aged, or the mentally ill" within the meaning of Section 3(s)(1)(B) of the FLSA. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Employer/Defendant is subjected to FLSA enterprise coverage.

40. Plaintiff was employed by an enterprise "primarily engaged in the care of the sick, the aged, or the mentally ill" within the meaning of Section 3(s)(1)(B) of the FLSA. Plaintiff performed activities related to the care of sick and aged people. Thus, Plaintiff is a covered employee for the purpose of the Act. By reason of the foregoing, there is FLSA individual coverage.

**41.** U.S.C. §206 states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

(1) except as otherwise provided in this section, not less than—

(A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

(B) $6.55 an hour, beginning 12 months after that 60th day; and

(C) $7.25 an hour, beginning 24 months after that 60th day.

**42.** Defendant employed Plaintiff ARMIDIA Y. GUTIERREZ as care-giver, cook and to perform all kind of housekeeping work from approximately March 01, 2014 to June 12, 2015, or 67 weeks.

**43.** While employed by Defendant, Plaintiff ARMIDIA Y. GUTIERREZ worked a minimum of 95.5 (Ninety Five and a half hours) per week without being compensated at the minimum wage rate. Plaintiff was paid an average of $5.02 per hour, in violation of the Fair Labor Standard Act.

**44.** The records, if any, concerning the number of hours actually worked by Plaintiff and all other employees, and the compensation actually paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

**45.** Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

**46.** Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

a.  <u>Total amount of alleged unpaid wages</u>:

Fourteen Thousand Two Hundred Sixty Eight Dollars and 32/100 ($14,268.32)

b.  <u>Calculation of such wages</u>:
Total relevant weeks: 67 weeks
Total hours worked per week: 95.5
Regular rate: $5.02 an hour ($480.00:95.5 Hrs.=$5.02 an hour)
Minimum wage 2014, 2015:  $7.25
$7.25-$5.02=$2.23 minimum wage difference

$2.23 Min. wage difference x 95.5 hours=$212.96 weekly
$212.96 x 67 weeks=$14,268.32

c.  <u>Nature of wages:</u>

This amount represents unpaid minimum wages.

**47.** Plaintiff ARMIDIA Y. GUTIERREZ was not paid minimum wages for the hours and relevant time periods specified above. Therefore, Defendant unlawfully failed to pay minimum wages to Plaintiff.  Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remains owing Plaintiff ARMIDIA Y. GUTIERREZ and those similarly-situated these minimum wages since the commencement of Plaintiff and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.  Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

**48.** Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

**49.** At the times mentioned, individual Defendant SOLANGE CASTRO was, and is now, the Director and/or owner of Defendant Corporation CORAL VILLA ADULT CARE. Individual Defendant SOLANGE CASTRO had absolute operational control of CORAL VILLA ADULT CARE, provided Plaintiff with her work schedule, and is jointly liable for Plaintiff's damages. Individual Defendant SOLANGE CASTRO was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interest of CORAL VILLA ADULT CARE in relation to its employees, including Plaintiff and others similarly situated.

**50.** Defendants CORAL VILLA ADULT CARE and SOLANGE CASTRO willfully and intentionally refused to pay Plaintiff ARMIDIA Y. GUTIERREZ minimum wages as required by the law of the United States as set forth above and remains owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants or as set forth above.

**51.** Plaintiff seeks to recover for minimum wage violations accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

**52.** Plaintiff ARMIDIA Y. GUTIERREZ has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff ARMIDIA Y. GUTIERREZ and those similarly-situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly-situated individuals and against the Defendants CORAL VILLA ADULT CARE and SOLANGE CASTRO, on the basis of

Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B.   Award Plaintiff ARMIDIA Y. GUTIERREZ actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C.   Award Plaintiff ARMIDIA Y. GUTIERREZ an equal amount in double damages /liquidated damages; and

D.   Award Plaintiff ARMIDIA Y. GUTIERREZ reasonable attorneys' fees and costs of suit; and

E.   Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff and those similarly-situated demand trial by jury of all issues triable as of right by jury.

## COUNT III:
## FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE OF ARMIDIA Y. GUTIERREZ; PURSUANT TO 29 U.S.C. 215(a)(3), AGAINST ALL DEFENDANTS

53.   Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-52 of this complaint as if set out in full herein.

54.   This action arises under the laws of the United States.

55.   This Court has jurisdiction pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement) as well as the Florida Constitution that vests this action within a court of competent jurisdiction.

56.   29 U.S.C. § 206 (a) (1) states "….an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

**57.**  29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…"

**58.**  Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

**59.**  The Defendant/Employer CORAL VILLA ADULT CARE is and, at all times pertinent to this Complaint, was engaged in interstate commerce. Defendant operated as residential care facilities "primarily engaged in the care of the sick, the aged, or the mentally ill" within the meaning of Section 3(s) (1)(B) of the FLSA.

**60.**  Plaintiff was employed by an enterprise "primarily engaged in the care of the sick, the aged, or the mentally ill" within the meaning of Section 3(s)(1)(B) of the FLSA. Plaintiff performed activities related to the care of sick and aged people. Thus, Plaintiff is a covered employee for the purpose of the Act. By reason of the foregoing, there is FLSA individual coverage.

**61.**  Defendant CORAL VILLA ADULT CARE employed Plaintiff ARMIDIA Y. GUTIERREZ from approximately March 01, 2014 to June 12, 2015, or 67 weeks. Plaintiff worked an average of Ninety five and a half (95.5) hours per week.  However, Plaintiff was paid average of $5.02 an hour which is less than the minimum wage required by Federal Law. Furthermore, Plaintiff was never paid for overtime wages at the rate of time and a half, or at the minimum wage rate according to the overtime provisions of the FLSA.

62. On or about May 15, 2015, Plaintiff complained about her minimum wages and requested also to be paid for overtime hours. Defendant SOLANGE CASTRO ignored Plaintiff's requests.

63. On or about June 10, 2015 Plaintiff requested her overtime and minimum wages to the owner of the business SOLANGE CASTRO for the last time. Defendant refused to pay Plaintiff minimum wages and overtime hours.

64. These complaints constituted protected activity under the FLSA.

65. In retaliation for Plaintiff's complaints, on or about June 12, 2015, Defendant SOLANGE CASTRO fired Plaintiff using pre-textual reasons.

66. At all times material hereto Plaintiff performed and excelled at the essential functions of her position. There was no other reason than retaliation to fire her.

67. At the times mentioned, individual Defendant SOLANGE CASTRO was, and is now, the Director and/or owner of Defendant Corporation CORAL VILLA ADULT CARE. Individual Defendant SOLANGE CASTRO had absolute operational control of CORAL VILLA ADULT CARE, provided Plaintiff with her work schedule, and is jointly liable for Plaintiff's damages.  Individual Defendant SOLANGE CASTRO was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interest of CORAL VILLA ADULT CARE in relation to its employees, including Plaintiff and others similarly situated.

68. The motivating factor which caused Plaintiff's discharge as described above was her complaints seeking unpaid minimum and overtime wages from the Defendants.  In other

words, Plaintiff would not have been constructively discharge but for her complaints for unpaid overtime wages.

69. The Defendants' termination of the Plaintiff was in direct violation of 29 U.S.C. 215 (a)(3) and, as a direct result, Plaintiff has been damaged.

70. Plaintiff ARMIDIA Y. GUTIERREZ has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff ARMIDIA Y. GUTIERREZ respectfully request that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants CORAL VILLA ADULT CARE and SOLANGE CASTRO that Plaintiff ARMIDIA Y. GUTIERREZ recovers compensatory, damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants CORAL VILLA ADULT CARE and SOLANGE CASTRO to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff ARMIDIA Y. GUTIERREZ further prays for such additional relief as the interests of justice may require.

### JURY DEMAND

Plaintiff ARMIDIA Y. GUTIERREZ, demands trial by jury of all issues triable as of right by jury.

DATED:  March 29, 2016

                                           Respectfully Submitted,

                                           By:  **/s/ Zandro E. Palma**
                                           ZANDRO E. PALMA, P.A.
                                           Florida Bar No.: 0024031
                                           9100 S. Dadeland Blvd.
                                           Suite 1500
                                           Miami, FL 33156
                                           Telephone: (305) 446-1500
                                           Facsimile:  (305) 446-1502
                                           zep@thepalmalawgroup.com
                                           *Attorney for Plaintiff*