UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 16-211-8-CIV-LENARD/GOODMAN

ARMIDIA Y. GUTIERREZ

    Plaintiff,

v.

CORAL VILLA ADULT CARE INC. and
SOLANGE CASTRO,

    Defendants,
_____/

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

COME NOW, Defendants, CORAL VILLA ADULT CARE, INC. ("CORAL VILLA") and SOLANGE CASTRO ("CASTRO"), by and through their undersigned counsel, and hereby file their Answer and Affirmative Defenses to Plaintiff's Complaint, and as grounds thereof, states as follows:

1. It is admitted that Plaintiff purports to bring this action pursuant to the Fair Labor Standards Act ("FLSA"). All other allegations and inferences contained in Paragraph 1 of Plaintiff's Complaint are DENIED.

2. Defendants are without knowledge as to the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. It is admitted that the Defendant Corporation, CORAL VILLA, is a Florida Corporation, having its principle place of business in Miami-Dade County, Florida. All other allegations or inferences contained in Paragraph 3 of Plaintiff's Complaint are DENIED.

4. It is admitted that the Defendant, CASTRO, is a Florida resident and the owner/director of CORAL VILLA. All other allegations and inferences contained in Paragraph 4 of Plaintiff's Complaint are DENIED.

## **GENERAL ALLEGATIONS**

5. Defendant CORAL VILLA ADMITS it is a licensed Florida Assisted Living Facility. All other allegations and inferences contained in Paragraph 4 of Plaintiff's Complaint are DENIED.

6. Defendant CORAL VILLA ADMITS that it appears it is generally subject to FLSA, but with regards to Plaintiff's allegations, CORAL VILLA DENIES same, demanding strict proof thereof. All other allegations and/or inferences derived from Paragraph 6 of Plaintiff's Complaint are DENIED.

7. DENIED.

8. DENIED.

9. DENIED.

10. DENIED.

11. DENIED.

12. DENIED.

13. DENIED.

14. DENIED.

15. DENIED.

16. DENIED.

17. Defendants ADMIT that Plaintiff seeks to recover alleged unpaid minimum and overtime hours, retaliatory damages, and other relief. All other allegations and/or inferences derived from Paragraph 17 of Plaintiff's Complaint are DENIED.

18. DENIED.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION OF 29 U.S.C. §207(a)(1) FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

19. Defendants adopt their responses to the allegations in Paragraphs 1 through 18 of Plaintiff's Complaint as if fully set forth herein, or otherwise DENY the allegations.

20. Defendants ADMIT that Plaintiff purports to bring this actions under the provisions of 29 U.S.C. §201 et. seq. All other allegations and/or inferences derived from Paragraph 20 of Plaintiff's Complaint are DENIED.

21. CORAL VILLA DENIES that it is engaged in interstate commerce. CORAL VILLA ADMITS that it operated a licensed Assisted Living Facility in the State of Florida. All other allegations and/or inferences derived from Paragraph 21 of Plaintiff's Complaint are DENIED.

22. DENIED.

23. DENIED.

24. DENIED.

25. DENIED.

26. DENIED.

27. DENIED.

28. DENIED.

29. The allegations contained in Paragraph 29 of Plaintiff's Complaint set forth damages calculations to which no response is required. To the extent a response is required, all allegations and/or inferences contained in Paragraph 29 of Plaintiff's Complaint are DENIED.

30. DENIED.

31. DENIED.

32. DENIED.

33. DENIED.

34. DENIED.

35. Defendants ADMIT that Plaintiff purports to recover unpaid overtime wages.

36. Defendants ADMIT that Plaintiff has retained counsel to represent her in this action. All other allegations and/or inferences contained in Paragraph 36 of Plaintiff's Complaint are DENIED.

## COUNT II:
## FEDERAL STATUTORY VIOLATIONS OF THE FLSA'S MINIMUM WAGE PROVISIONS, 29 U.S.C. §206; AGAINST ALL DEFENDANTS

37. Defendants adopt their responses to the allegations contained in Paragraphs 1 through 18 of Plaintiff's Complaint as if fully set forth herein, or otherwise DENY the allegations.

38. Defendants ADMIT that Plaintiff purports to bring this action under the provisions of 29 U.S.C. §201 et. seq. All other allegations and/or inferences derived from Paragraph 16 of Plaintiff's Complaint are DENIED.

39. DENIED.

40. DENIED.

41.     The allegations contained in Paragraph 41 of Plaintiff's Complaint set forth recitations of law to which no response is required. To the extent that a response is required, all allegations and/or inferences contained in Paragraph 41 of Plaintiff's Complaint are DENIED.

42.     DENIED.

43.     DENIED.

44.     DENIED.

45      DENIED.

46.     The allegations contained in Paragraph 46 of Plaintiff's Complaint set forth damages calculations to which no response is required. To the extent a response is required, all allegations and/or inferences derived from Paragraph 46 are DENIED.

47.     DENIED.

48.     DENIED.

49.     DENIED.

50.     DENIED.

51.     Defendants ADMIT that Plaintiff purports to recover unpaid minimum wages.

52.     Defendants ADMIT that Plaintiff has retained counsel to represent her in this action. All other allegations or inferences contained in Paragraph 52 of Plaintiff's Complaint are DENIED.

### COUNT III:
### FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE OF ARMIDA Y. GUTIERREZ; PURSUANT TO 29 U.S.C. 215(a)(3); AGAINST ALL DEFENDANTS

53.     Defendants adopt their responses to the allegations contained in Paragraphs 1 through 18 of Plaintiff's Complaint as if fully set forth herein, or otherwise DENY the allegations.

...

...

54. Defendants ADMIT that Plaintiff purports that this action arises under the laws of the United States.

55. The allegations contained in Paragraph 55 of Plaintiff's Complaint set forth recitations of law to which no response is required. To the extent that a response is required, all allegations and/or inferences contained in Paragraph 55 of Plaintiff's Complaint are DENIED.

56. The allegations contained in Paragraph 56 of Plaintiff's Complaint set forth recitations of law to which no response is required. To the extent that a response is required, all allegations and/or inferences contained in Paragraph 56 of Plaintiff's Complaint are DENIED.

57. The allegations contained in Paragraph 57 of Plaintiff's Complaint set forth recitations of law to which no response is required. To the extent that a response is required, all allegations and/or inferences contained in Paragraph 57 of Plaintiff's Complaint are DENIED.

58. The allegations contained in Paragraph 58 of Plaintiff's Complaint set forth recitations of law to which no response is required. To the extent that a response is required, all allegations and/or inferences contained in Paragraph 58 of Plaintiff's Complaint are DENIED.

59. CORAL VILLA DENIES that it is engaged in interstate commerce. CORAL VILLA ADMITS that it operated a licensed Assisted Living Facility in the State of Florida. All other allegations and/or inferences derived from Paragraph 59 of Plaintiff's Complaint are DENIED.

60. DENIED.

61. DENIED.

62. DENIED.

63. DENIED.

64. DENIED.

65. DENIED.

66. DENIED.

67. Defendants admit that CASTRO was and is now a director/owner of CORAL VILLA. All other allegations and/or inferences derived from Paragraph 67 of Plaintiff's Complaint are DENIED.

68. DENIED.

69. DENIED.

70. Defendants ADMIT that Plaintiff has retained counsel to represent her in this action. All other allegations or inferences contained in Paragraph 70 of Plaintiff's Complaint are DENIED.

## AFFIRMATIVE DEFENSES

**FIRST AFFIRMATIVE DEFENSE.** Plaintiff fails to state a claim for which relief can be granted. The Complaint fails to set forth enough facts in order to support a claim for intentional violations or violations committed with reckless disregard. The Complaint also fails to state a cause of action for overtime pay and minimum wages. There are no specific allegations pertaining to work in excess of 40 hours per week and no inference can be made that Plaintiff is entitled to overtime pay or minimum wages.

**SECOND AFFIRMATIVE DEFENSE.** Plaintiff, ARMIDA Y. GUTIERREZ, was properly compensated for all hours worked.

**THIRD AFFIRMATIVE DEFNESE.** Plaintiff is not similarly-situated to any other individual.

**FOURTH AFFIRMATIVE DEFENSE.** This action is barred or limited by the *de minimus* doctrine, 29 C.F.R. § 785.47.

**FIFTH AFFIRMATIVE DEFENSE.** Any claims for overtime compensation by Plaintiff must be off-set by any premium compensation, overpayments, bonuses, compensatory time off, or other job-related benefits paid or provided to Plaintiff, including a reduction for any compensation already paid to Plaintiff for periods not compensable under the FLSA.

**SIXTH AFFIRMATIVE DEFENSE.** The regular rate cannot be computed based upon, and overtime compensation cannot be recovered by Plaintiff for periods of time during which she performed no work, including vacation and/or sick leave or otherwise was absent from the workplace during the work week, including during holidays, missing meetings and other functions or activities attended voluntarily.

**SEVENTH AFFIRMATIVE DEFENSE.** Defendants acted in good faith reliance upon, and in conformity with, officially written administrative regulations, orders, rulings, approvals, or administrative interpretations, practice or enforcement policies of the United State Department of Labor, Wage and Hour Division and had a reasonable, good faith basis for believing they were not in violation of the FSLA.

**EIGHTH AFFIRMATIVE DEFENSE.** Any acts or omissions with regard to its pay practices of Plaintiff were taken in good faith upon a reasonable belief that such pay practices complied with FLSA; accordingly, liquidated damages are not appropriate.

**NINETH AFFIRMATIVE DEFENSE.** Defendant, SOLANGE CASTRO's liability is derivative to the of the corporate Defendant. The corporate Defendant is not liable to the Plaintiff, and thus the individual Defendant is not liable to the Plaintiff.

**TENTH AFFIRMATIVE DEFENSE.** Plaintiff is not entitled to compensation for "preliminary or postliminary activities" in accordance with the Portal-to-Portal Act.

**ELEVENTH AFFIRMATIVE DEFENSE.** Plaintiff's claim is precluded in whole or in part by judicial estoppel.

**TWELEVE AFFIRMATIVE DEFENSE.** Defendants are not liable for hours which Plaintiff failed to report or hours which were not known to have been worked by Plaintiff.

**THIRTEENTH AFFIRMATIVE DEFENSE.** Any claims for minimum wage compensation by Plaintiff must be off-set by the reasonable value of meals and/or other facilities furnished by Defendant as wage as defined in 29 U.S.C. §203(m)

**FOURTEENTH AFFIRMATIVE DEFENSE.** Plaintiff may not recover both liquidated damages and prejudgment interest under the FLSA.

**FIFTEENTH AFFIRMATIVE DEFENSE.** Plaintiff is not an employee of Defendants, in that she was an independent contractor, Defendants did not control her work, Plaintiff risked loss, worked for other companies, was not economically dependent upon Defendants, provider her own tools and supplies, offered her services to the public, procured licenses for her activities and was paid based on a formula for the agreed upon task.

**SIXTEENTH AFFIRMATIVE DEFENSE.** There was no retaliatory discharge of the Plaintiff. Defendant never terminated or fired the Plaintiff. Plaintiff gave her notice to Defendants that she was going to stop providing services to the Defendants. Plaintiff advised that her last day was going to be on or about June 12, 2015. It is Defendants belief and understanding that at the time Plaintiff gave notice she was going to travel to take care of her daughter in Nicaragua. Plaintiff never demanded, requested or in any other way advised the Defendants that she believed she was owed any unpaid wages, etc., at any time before or after June 12, 2015.

**SEVENTEENTH AFFIRMATIVE DEFESE.** Defendants at all times acted in good faith and with reasonable grounds for believing that they had not violated any state or federal law.

**EIGHTEENTH AFFIRMATIVE DEFENSE**. Any damages that Plaintiff, as set forth in the Complaint, could recover must be eliminated or reduced by her failure to mitigate damages.

**NINETEENTH AFFIRMATIVE DEFENSE**. Defendants deny having any wrongful or discriminating motivation with respect to Plaintiff, but assert that the actions of which Plaintiff complains, if they had occurred, would have been taken for lawful reasons independent of any alleged wrongful motivation.

**RESERVATION OF RIGHT TO AMEND AFFIRMATIVE DEFENSES.** The Defendants reserves their right to amend these Affirmative Defenses as discovery in this matter may reveal additional defenses to the Plaintiff's Action.

**DEMAND FOR TRIAL BY JURY.** Defendants demand trial by jury on all claims.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 27, 2016, I electronically filed the foregoing Answer and Affirmative Defenses with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,

Matthew E. Mazur, Jr., Esq.
Florida Bar No. 0144614
MATTHEW MAZUR, P.A.
2645 Executive Park Drive, Ste. 110
Weston, Florida 33331
Phone: (305) 466-3328
Fax:    (786) 347-6042
E-mail: mmazurjr@mazur-law.com

By    /s/ Matthew E. Mazur, Jr., Esq.
        MATTHEW E. MAZUR, JR., Esq.

## **SERVICE LIST**

Zandro E. Palma, Esq.
ZANDRO E. PALMA, P.A.
9100 S. Dadeland Blvd., Suite 1500
Miami, FL 33156
Phone: 305-446-1500
Fax: 305-446-1502
E-mail: zep@thepalmalawgroup.com
Via CM/ECF